UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.A. SESSION II, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-02688-X |
| | § | |
| 4D MOLECULAR THERAPEUTICS, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff R.A. Session II brought this lawsuit against 4D Molecular Therapeutics, Inc. (Molecular Therapeutics) in the 95th Judicial District of Dallas County, Texas on November 4, 2019 seeking declaratory judgment as well as relief on common law fraud and breach of contract claims. Molecular Therapeutics removed to this Court on November 11, 2019 [Doc. No. 1] and then filed an original answer and its own counterclaims [Doc. No. 9]. In response, Session moved to dismiss all counterclaims [Doc. No. 17].

The parties' pleadings and briefs do not address a clause in the parties' confidentiality agreement purporting to govern choice of law, venue, and jurisdiction. At face value, this clause makes venue improper in this Court and necessitates transfer under 28 U.S.C. § 1404(a). For the following reasons, the Court **ORDERS** the parties to file any objections to such transfer no later than 14 days from the date of this order. If neither party objects within the allotted time, this case will be

automatically transferred to the Northern District of California, San Francisco Division.

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[1] Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[2] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[3] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[4]

"But in cases where there is a valid forum-selection clause, '[t]he calculus changes,' because the clause '"represents the parties' agreement as to the most proper forum."'[5] This changed calculus includes giving the plaintiff's choice of forum no weight.[6] Additionally, the Court does not consider arguments about the parties'

---

[1] 28 U.S.C. § 1404(a).  *See also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[2] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.*, 845 F.2d at 528).

[3] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W.D. of Tex.*, 571 U.S. 49, 60 (2013).

[4] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[5] *Id.* at *3 (quoting *Atl. Marine*, 571 U.S. at 63).

[6] *See id.* ("Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." (quoting *Atl. Marine*, 571 U.S. at 63)).

2

private interests.[7]  Finally, when a party files suit in a forum different from the one in the forum-selection clause, a Section 1404(a) transfer of venue "will not carry with it the original venue's choice of law rules—a factor that in some circumstances may affect public-interest considerations."[8]  For these reasons, "in a case involving a forum-selection clause, 'a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.'"[9]

In this case, Molecular Therapeutics's Confidential Information and Invention Assignment Agreement (the Confidentiality Agreement) contains a forum-selection clause.  And it establishes San Francisco County, California—not Dallas County, Texas—as the venue for this case.  The relevant clause in the Confidentiality Agreement states:

> **Governing Law; Jurisdiction and Venue.**  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to conflict-of-law principles.  Any dispute arising out of this Agreement shall be resolved in the State of California, County of San Francisco, whether in a state or federal court or arbitration there, as appropriate.  The parties hereby irrevocably submit to the jurisdiction and venue of such courts and waive the defense of inconvenient forum to the maintenance of such action, suit, proceeding or arbitration, as appropriate, in such venue.[10]

---

[7] *See id.* (explaining that "a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests" (quoting *Atl. Marine*, 571 U.S. at 64)).

[8] *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).

[9] *Id.* (quoting *Atl. Marine*, 571 U.S. at 52).

[10] Molecular Therapeutics' Answer and Counterclaims, Exhibit B (Confidentiality Agreement), at 8 [Doc. No. 9-2].

The Confidentiality Agreement appears to be incorporated into both employment agreements that are at issue in this case, neither of which have forum-selection clauses. The original offer letter agreement Session signed on June 7, 2018 says that, "[a]s a condition of your employment with [Molecular Therapeutics], you are required to sign the [Confidentiality Agreement]."[11] The later consulting agreement executed on February 12, 2019 states that "[Session] acknowledges and agrees that that his obligations under the [Confidentiality Agreement] remain in effect at all times during the Consulting Period, and thereafter as provided in the [Confidentiality Agreement]."[12] Session's claims center around the consulting agreement, while Molecular Therapeutics's counterclaims center around the original offer letter. However, both documents appear to incorporate the Confidentiality Agreement and thus its provision governing choice of law, venue, and jurisdiction.

This Court faces a threshold question of whether venue is proper in the Northern District of Texas. Without compelling argument to the contrary, transfer to the Northern District of California seems appropriate given the parties' clear and mandatory selection of law, venue, and jurisdiction in the Confidentiality Agreement. A forum selection clause sets clear expectations and can act to the benefit of both parties. Therefore, rendering the clause inoperative would violate both the plain text of the Confidentiality Agreement and the contractual expectations set by the parties.

---

[11] *Id.*, Exhibit A (Offer Letter), at 6 [Doc. No. 9-1].

[12] *Id.*, Exhibit C (Separation and Consulting Agreement), at 2 [Doc. No. 9-3].

II.

As noted above, the Court may raise the issue of transfer *sua sponte*. But because the forum selection clause was not mentioned in any pleading or brief, the Court wishes to bring the issue to the attention of the parties for potential objections to transfer under this clause.

For these reasons, the Court **ORDERS** the parties to file any objections to transfer no later than 14 days from the date of this order. This case will automatically be transferred to the Norther District of California, San Francisco Division if no such objection is timely filed.

**IT IS SO ORDERED** this 20th day of July, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE